I have to say, before you begin, that that affidavit you filed attacking Judge Deryagin, I think that is highly improper, sanctionable, and really outrageous. This proposition that everybody who was born in the Middle East cannot be trusted to have a responsible attitude toward women? That's what you said, and you mustn't say things like that. You're accusing like a billion people or something like that. Your Honor, I've been in front of him after that, and I have a good relationship with him, but Your Honor, I grew up in a traditional family. Look, I don't care. You can't make these generalizations in a judicial affidavit about a whole billion or so Middle Eastern and Far Eastern people, none of them respecting women, and there's nothing in Judge Deryagin's history or conduct to support that. You don't suggest there's anything. It's just guilt by association with another. Your Honor, I agree with you, and I was wrong. Let me just say that I left my prior career as a nuclear engineer to be a civil rights attorney to fight against discrimination, Your Honor. Okay. Okay, we can proceed. Let me start. Thank you. This is a Title VII employment case based on sexual discrimination. In this case, the female employee, Ms. Susan Kuttner, had an unblemished record, no prior violations, but in this particular incident, she wore her uniform in a wrongful circumstance or improper location. On that basis, she was discharged. So the task before the appellant was to find a male officer who wore their uniform under similar circumstances or exact circumstances and was not fired. And Ms. Kuttner was employed with the sheriff from 1998 to 2010, a 12-year period. The error that the district court judge made was restricting discovery to January 1, 2006, which is the last four years of the employment. And now, that error itself, well, first of all, that decision itself, it was an arbitrary decision because that date was picked on basically no facts that are related to it within the case. So in the Vallone case, the Vallone v. CNA case, there are four elements in there, all in the disjunctive, and one of them says if the judge's decision is arbitrary, then that's an abuse of discretion. And in this case, it is arbitrary. Opposing counsel argues in his brief that it's not arbitrary, but he doesn't state any fact upon which that date, January 1, 2006, is based. Now, given that it's arbitrary and assuming it's an error, I understand alone that's not reversible. It must have some significant impact on the case itself. Well, in the amended complaint in paragraph 44, the first two incidents dealing with Moore and Morgan, they occurred in 2003 and 2004. So those incidents could not, discovery was not allowed on them. And also in my brief, I also mentioned other, within paragraph 44, other cases. In particular, a case dealing with Burkuda, who it was known among the employees that he visited a massage parlor, a prostitution house, within, with his uniform. And that date was prior to 2006, and that was also not permitted. So by picking that arbitrary date, which I contend is an error, it had a significant impact. It prejudiced the case by cutting out all those incidents that occurred prior to 2006. Now, keep in mind, Your Honors, it's extremely difficult to try to find a male officer wearing a uniform in a similar or identical situation. So I was under a lot of pressure to try to find that incident. Now, my, another point I want to make is that since it is the Sheriff's conduct that's at issue here, we should have been allowed to cover the plus 30 years that the Sheriff was employed. You've got to be kidding me. Excuse me, Your Honor? That kind of fishing expedition is never allowed. I understand, Your Honor, and as a matter of fact, when I... You've just completely undercut the credibility of your argument. Well, with respect to obtaining... Look, we're reviewing for abuse of discretion here. The judge had to draw the line somewhere because the discovery that was sought by you was extremely overbroad and oppressive and abusive. And so any line is going to be somewhat arbitrary. Drawing a line four years back under the circumstances, given the nature of this case and the scope of discovery that could meaningfully be allowed without being abusive, is a highly discretionary judgment called by the judge and almost never reversed. So maybe you want to move on to your substantive argument. Right, and the judge basically used your argument to prevent me from asking questions that seek hearsay answers. And if you look at the record, what I did was I did ask generic questions, one generic question, which is, have you had general abuses that occurred within the department? Now, I do agree that that is a general question, and I typically don't ask that. But the pressure I was under is to find a circumstance similar to my circumstance, to my case, where an officer was wearing... So were you seeking records, or were you going to talk to a lot of people? I was seeking incidents where officers in uniform... So when you say incidents, are these incidents as recorded somewhere in police files? Because you couldn't just question everyone who'd been a police officer in DuPage County, presumably. That's correct, Your Honor, and the incidents were cited in the amended complaint based on knowledge that basically... from the records and from public knowledge as well, and among the employees themselves, Your Honor. Well, so you wanted to push beyond 2006. So suppose you were interested, do you want to do 2005? What would you be doing concretely when you went back to 2005? Then I would have found another incident, which is listed in the complaint in paragraph 44G, which is an officer... Well, how would you find an incident? Well, there is an incident, for example... Is this a newspaper? Do you look at newspapers? Or are there records in the police department of this misconduct of these male officers? One way is the records, and another way is general knowledge among the employees. For example, in the Bertuca case, it was known among all the employees that he visited a massage parlor. When you go into, say, 2005, what exactly do you do to find the... You know, on page 1014 of your brief, you have a lot of sketches of what people did. Patrick Beaver, while on duty in uniform, sold drugs to trustee inmates he was supervising. Okay. How do you create these little reports? How do you find the information? And that's through... It goes partly to the issue of, you know, the farther back you go, the more difficult, presumably, it is to establish what happened. That is true. So 2005, okay, that's 10 years ago. So how exactly would you find incidents from 2005? Well, I wanted to focus on the incidents that I listed in the complaint, and let me use one as an example. Paragraph 44G with Bertuca. Now, the only way I can find which other officer has first-hand knowledge of seeing him in the massage is by asking a hearsay question, or a question that would lead to a hearsay answer. Asking the question, is this to be in a deposition? Okay, hearsay and deposition. Now, how do you... So how many people would you be interviewing? Well, it would be only two. It would be the individual who's going to say, yes, I heard Officer So-and-so saw him first-hand. Then the second person I would subpoena is that Officer John Doe. He would have first-hand knowledge because he saw him personally at that massage, then that would be admissible evidence, and I could establish a court. But let me go back and make an important point here that what the judge could have done when I asked the generic fishing question, which he did, is say, no, you can't ask that, and stop me right there. He shouldn't have gone far out and just simply cut off all my questions that sought hearsay answers because that basically killed the case. That, and plus, cutting the discovery off at January 1st, 2006, and by the way, according to the Vallone case, this is an arbitrary decision and it is an error. Now, I add to that Paragraph 44A, which lists many incidents that show male officers wearing uniforms in inappropriate areas. If you'd been permitted to do, say, 2005, how long would that have taken? How much additional discovery? Here's the irony of it. After the restriction, we spent almost a year of discovery. With the restriction of not asking questions leading to hearsay answers and the January 1st, 2006 restriction. So that's the irony of it. I was basically cut off in the beginning of the discovery. But now these people in your brief that you talk about, Lloyd and Morgan and the like, so are these all post-2005? Prior to 2006. So these are prior? Paragraph 44A and on, all those are prior to 2006. Do you have post-2005? You mean post-2006? And that comes to, there were four incidents that were reviewed on the motion for summary judgment. One incident, which is post- So you have only four from 2006 on? That's correct. So you, I see, you wanted to add- The many others that would have- How far back did you want to go? I mean, there are limits. There are limits for the duration of the employment of the employee. The 12 years the employee was employed. Oh, I see. Well, how far back I wanted to go was what was mentioned in the complaint. Because remember, in the complaint, I asked for these dates and I, in the first, in paragraph 44A and 44B, the years are there, 2004, 2013. So all that was cut off, Your Honor. Let me just, the incident with Morgan, that entered the motion for summary judgment, and that was reviewed by the judge. The judge felt that the incident of Morgan, where she's an officer in uniform visiting a female inmate in prison, that was not a similar violation to go to trial. And we simply disagree with that. I think that should be left, that should have been left to a jury to determine whether a male officer in the uniform can go visit an inmate, have an intimate or personal interview or meeting with an inmate. But that's a genuine issue that should have been allowed for trial, and the judge erred on that. The other point, Your Honor, which a female colleague made to me, she said if it was a female officer in uniform who went to visit a male inmate, the sheriff might have looked at that a little differently, because that might have, you know, I mean if it was my client wearing her uniform to visit a male prisoner, maybe that would have been looked at differently. I didn't mention that in my brief. But the point I wanted to make, Your Honor, is that these decisions should be left to a jury where you have men and women making the decision of whether these are comparable situations. And that's my position, Your Honor. Okay. Thank you, Mr. Sam. Thank you. Mr. Vasey. May it please the Court. My name is Gregory Vasey. I represent the Appalachians case, DuPage County Sheriff's Office. Counsel said several times in his argument that Judge Chang's decision was not arbitrary. It's interesting that in the brief written by the appellant, he never talks about Judge Chang's reasons, which are all over the record in this case. Judge Chang came out with several orders explaining why he was taking the actions that he did. There are transcripts from the court proceedings. I don't understand the 2006 cutoff. There's no explanation by the judge as to that particular date. It was three years prior to the plaintiff being terminated and five years prior to the point the case was at at the time. So what? I don't know. I don't understand. There's... Why do you need it? He wants to go back 12 years to when she was employed. Well, why not? The decision by Judge Chang is based primarily on the conduct of the plaintiff during the case as far as the way discovery was being conducted. And what was the problem with how discovery was being conducted? There were, as Judge Sykes said, abusive, overreaching requests for discovery. There were requests, for example, for the sheriff's wife's personnel file. I'm talking about the cutoff. Why couldn't he go back beyond 2006? Judge Chang certainly could have set the date before 2006. I don't understand. Why did he have to set any date? Again, because of the way the discovery was proceeding and the way that... Look, if the discovery was improper, he could tell Ms. Casale, look, you shouldn't ask this, shouldn't ask that, so on. And if you keep doing that, then I'm going to throw out your case. But I don't see how that's related to the date. If the discovery is abusive, improper, so on, it doesn't matter whether it's in 2005 or 2006. But he is trying to collect, and it seems perfectly appropriate, he is looking for a pattern of extraordinary laxity in the disciplining of these out-of-control seeming DuPage County cops. And I can't see what's improper with that. Well, Judge, you might disagree with the date as it was set, but certainly under the standard here of whether Judge Chang abused his discretion in setting that date, I don't think... Well, you can call it abuse or whatever you want. I don't understand the reason for that cutoff. Judge Chang, the only explanation he gives is that he believed that that was a proper amount of time to go back. I don't understand that. Well, he said in his decision... It's not that easy to find this information about, you know, misconduct of these officers. So why don't you give the... I mean, Judge isn't sitting in on the discovery, presumably. What does he care about their going back further? Going back to what Your Honor asked counsel during his presentation, most, if not all, of those little reports that are in the complaint and in the brief come essentially from the plaintiff. There's no factual basis for them. They may be true. There may be some elements that are true and some elements that are not true. But there's no factual basis to believe that those things occurred. Judge Chang... Oh, you're saying... You're saying what he obtained... What he's claiming occurred prior to 2006 that he's claiming prejudiced him because he couldn't go into those things. There's no indication that all of those things actually occurred. Those are simply allegations that are being made in the complaint. But my question is, why cut off... Why this cut off at 2006? What's the problem in allowing him to conduct additional discovery? I think initially there was no problem with it, but it got to the point where Judge Chang became so frustrated with the way that the plaintiff was conducting discovery that he needed to put a date on there, why he chose... Well, I don't understand that. If the discovery is improper, why doesn't he tell the lawyer, you have to avoid these mistakes you're making in discovery, or I'm going to throw your case out? I think he thought this was a lesser... That is, if you observe an abuse, you think, well, you deal with the abuse. You don't set some arbitrary cut off date. I think he believed that this was a lesser severe penalty. It's not a question of a penalty. He just tells the guy, you mustn't do X, Y, and Z. Then if the lawyer continues doing that, you throw out his case. He certainly could have done that. I just don't get the... I do want to say that he did give the plaintiff plenty of opportunity to come up with a basis for believing that there was relevant evidence prior to 2006. Now, did the DuPage County Police Department or the Sheriff's Office, did they do something in 2000s? I could see an argument. I could see you making an argument that, well, before 2006, yeah, horrible things went on, but in 2006 we had a reform and everything's better, and so that evidence from before 2006 would be unrepresentative. No. Has that ever been argued? No. Then I don't see what reason there is to think that incidents before 2006 are less probative than incidents after. Judge, if I could go on to the after. Even if you believe that it somehow prejudiced plaintiff, that she was not able to go to incidents taking place prior to 2006, it's not prejudicial to her because she presented no evidence in her summary judgment brief regarding pretext. It's undisputed that she admitted to the acts that she was accused of for the most part. She did not admit that she was collecting the loans. But suppose one could infer that if she were male she wouldn't have been fired for this incident because it seems that for worse conduct the men are never fired. So why wouldn't that in itself be adequate evidence of discrimination? Well, to get past the prima facie case, if she found a comparable, which we would argue that none of the four people that ended up in the summary judgment were comparable, and since there were no allegations against individuals and the judge did make that cutoff of 2006, obviously that didn't appear in the summary judgment. I mean, suppose men do worse things and they're not sanctioned. She does this lesser offense and is fired. Why isn't that in itself a prima facie case for sex discrimination? Because you still have to show that the employer's... You have to have some evidence that the employer's reason is a phony reason or a lie. And she admitted to the facts that supported it. So essentially she would have to show that even though this reason was... Wait, the sheriff's office gave a reason why it treats men more leniently than women? No, Judge, there was never any evidence that she was treated more harshly than men in the summary. I don't understand you. If she has a lesser offense than the men and the men aren't punished at all and she's punished, why isn't that discrimination? It would be, but there was no evidence that that was the case here. There was no evidence of what? There was no evidence that that was the case here, that she was punished more harshly than a male officer doing a similar act. But I don't understand because if the male officers are not punished when they do worse acts, then you'd infer, well, a fortiori they wouldn't be punished if they'd done her act. And that suggests the men get a break that the office doesn't give to women. But that assumes that male officers were not punished for worse conduct or were not punished for harshly. Yes, exactly. And that's not the case here. There's no evidence of that. There's evidence that they were punished? The individuals that were in the summary judgment, the four individuals... Were they fired? They were not. But as Judge Chang found, those situations were not comparable to hers because they were not as serious, they were not in the same ballpark as far as being serious, and they did not involve an abusive authority wearing a uniform and committing misconduct. You had the situation where one individual was allegedly visiting female inmates while in the jail. You had two individuals who were allegedly giving expired commissary food to a female inmate. And then you had one individual who had secondary employment. Those are the four situations. Well, what about all these people in his brief with the harassed females and this, refused to pay, hired a prostitute, all this stuff? That sounds more serious than what she did. There was never any facts to back that up. Those are simply allegations that were placed and we don't know where they've come from. Judge Chang went through them one by one and ruled, of course, after setting the date at the 2006 date... So these were pre-2006? He ruled that if the misconduct in certain cases, he went one by one and he said, if this took place after 2006, then you can go into it. Not knowing whether there was any basis... That's what I find so difficult about your position, that if he actually can prove that this fellow brought a prostitute and nothing happened to him and he's not disciplined at all, that's certainly evidence of discrimination. And I believe Judge Chang... So you come down to this arbitrary cutoff. That's really all you have. I would say, essentially, that's the main point in the case. But I would say that, again, if you get to the pretext issue and we know that she was fired for this particular reason, if you don't look at those pre-2006 situations that may or may not have any factual basis, then she would be in the position of trying to show that even though this reason is true and it's a real reason, that's not the reason I was fired. It was because of my gender, which there certainly is no evidence in the record. Well, if she wouldn't have been fired if she was male, then she was fired because of her being a woman. That's what the allegation is, Judge. But again, there's no evidence showing that. Well, unless you go back to 2005. Well, Judge Chang considered that and gave plaintiffs the opportunity to come up with some facts that would show that there's relevant evidence. If you look at Document 59, which is a motion to reconsider, the plaintiff, he denied reconsideration of the plaintiff's motion because plaintiff waited three months to file after the original decision, and he said, quoting, there was no solid basis for believing the existence of relevant evidence prior to 2006. So based on that, obviously plaintiff didn't provide any either before or after that decision. So again, setting that date was not an abuse of discretion by Judge Chang. For those reasons, the lack of evidence, no evidence to support either the abuse of discretion claim or the no vote claim as far as summary judgment, we'd ask this court not to remand this case. Thank you. Okay, thank you very much, Mr. Goss. Mr. Salem. Judge, the trial judge was different. The trial judge allowed evidence to be presented during the entire 12 years of employment. So this is the first time I've ever done a trial where I was not allowed discovery for 8 of the 12 years. And also there's another similar case, Susan Lakix versus the sheriff. Judge Lefkow was the judge in that case. She did not have a cutoff date, a restricted date as well. So those two judges will disagree with Chang and what he did. The other point I want to make is, no, I wasn't given any opportunity by Judge Chang to present evidence that these incidents that occurred prior to 2006 existed. He just simply set an arbitrary date and then everything else was cut off. And this was done early in discovery. And we spent another year in discovery with the restriction of 2006 and with the restriction of not asking questions that lead to hearsay answers. Unless there's any other questions, thank you very much, Your Honors. Okay, thank you, Mr. Salem and Mr. Goss.